Barker, J.
Sufficient and satisfactory reasons appear by the record for granting the order appealed from, and the same should be affirmed. The action was for the dissolu *764 tian of a copartnership existing between the parties, and for the settlement of their accounts.
The defendant Moeschler was personally served with the summons and complaint, and appeared in the action by an attorney, but made default by not serving an answer to the complaint. % The other defendant,. Engle, appeared and served an answer, in which he admitted all the material allegations of the copartnership dealings and ‘transactions.
After the time had expired for the defendant Moeschler to answer, the plaintiff applied at a special term for judgment, and gave proper notice of the application to the appellant’s attorneys, and when the matter was brought before the court the plaintiff moved for an order of reference, and a referee was appointed: “to take a mutual account of all dealings and transactions between the plaintiff and defendants in this action, and that the said referee make his report thereupon to this court with all convenient speed.” Code Civ. Pro., §1215.
The order contained no other directions. Four days thereafter the referee took his oath of office, and on the same day, without any notice to the appellant, the plaintiff and the defendant Engle appeared and participated in the proceedings before the referee, and each was sworn as a witness, and gave evidence as to the condition of the assets and the state of the accounts. The referee’s report bears date the 19th of March, 1886, which was the same day of the hearing. On the following day, as the record shows, the plaintiff applied for judgment at a special term on the report of the referee, and a judgment was ordered dissolving the copartnership and awarding a personal judgment in the plaintiff’s favor against the defendant Moeschler for the sum of $1,460.95, and also a separate judgment in favor of the defendant Engle against the defendant Moeschler for the sum of $1,365.10 damages and twelve dollars costs in the action, and directing the clerk to docket the same, and that Engle have execution therefor.
The proceedings before the referee, as well as the entry of judgment on his report, were irregular, for the reason no notice of the same was given to the defendant Moeschler as required by the rules and practice of the court. Where a defendant has appeared in an action he is entitled to notice of all subsequent proceedings had th.erein, which in any respect affect his right’s and interests. 2 Barb. Oh. Pr., 477, (2d ed.) ; Van Santvoord’s Eq. Pr., 528. The rule in this respect is the same now as- existed prior to the adoption of the Code. I am not aware of any statute or rule of the court which permits the plaintiff to proceed ex parte with a reference ordered for the purpose *765 of taking and stating an account between partners, where the defendant has appeared in the action.
In this action the only controversy between the parties was as to the true condition of their accounts. There is no statement as to the real condition of the affairs of the company, nor did it contain any allegation as to the particular sum of money which had come to the hands of the defendant Moeschler for which he should render an account, nor as to the sum of money which each of the parties had advanced in carrying on the copartnership business, nor as tó the mode or manner in which the surplus moneys should be distributed as between the partners, if it should appear that any sum was on hand for that purpose.
The prayer for relief is as follows: “That an account be taken of all said company’s dealings and transactions from the commencement thereof, and of the money received and paid out by the plaintiff and the defendant respectively in relation thereto. And that the property of the firm be sold, and the copartnership debts and liabilities, if any, be paid off and the surplus, if any, be divided between the plaintiff and the defendants according to their respective interests.”
It cannot be urged that the defendant Moeschler had not suffered any injury 'by reason of these irregularities, because proof was given before the referee which may sustain his report and the judgment entered thereon. On the hearing had before the referee the appellant was entitled to the privilege of giving proof as to the true condition of the accounts and the advances which he may have made for the benefit of the partnership business. He has not had his day in court.
The practice adopted, after the referee’s report was made and delivered to the plaintiff’s attorney, was not in conformity to the standing rule 30, which provides that: “In references other than for trial of issues in an action, or for computing the amount due in foreclosure cases, the testimony of the witnesses shall be signed by them, and the report of the referee shall be filed with the testimony, and a note of the day of the filing shall be entered by the clerk in the proper book, under the title of causes and proceedings, and the said report shall become absolute, and stand in all things confirmed, unless exceptions thereto .are filed and served within eight days after the service of the notice of the filing of the same. If exceptions are filed and served within such time, the same may be brought to a hearing at a special term thereafter, on the notice of any party interested therein.” This mode of procedure was adopted for the purpose of securing an expeditious and inexpensive *766 way of reviewing alleged errors which otherwise could not be corrected except on appeal from judgment.
It has been held that in an action in which no answer was interposed where it was necessary to take and state an account for the information of the court before judgment, and a reference was ordered for that purpose, the report of the referee was, in effect, a special verdict, and where exceptions to the report were filed by the defendant, which were overruled and the report confirmed, and judgment rendered, an appeal from the judgment brings up the question whether the facts are sufficient to sustain the judgment; and upon a case with exceptions joined with the report, error of law on the part of the referee might be reviewed. Darling v. Brewster, 55 N. Y., 667.
By omitting to give the defendant notice of the making and filing of the report, the defendant was deprived of the opportunity of filing exceptions thereto and reviewing the report in the manner provided by the established rules of the court.
Items were allowed the plaintiff, and the defendant Engle and charged against the defendant Moeschler, not sustained by the evidence nor justified by any fact alleged in the complaint. The complaint alleges and the plaintiff testified before the referee, that it was one of the terms of the co-partnership agreement, that the firm should have the benefit of his knowledge and experience in transacting the kind of business in which the company was to be engaged, and that he should devote his whole time to superintending and overseeing the work, without compensation. In his account as rendered and passed by the referee, he is allowed for seven days time, at the rate of three dollars per day, all of which was charged to the defendant Moeschler and entered into and formed a part of the judgment against him, without any evidence to sustain the charge. He is also allowed three dollars for entertaining “ a steamboat inspector,” and a gross item of “ summaries ” at five dollars, of which there is no proof to sustain their allowance. The plaintiff’s board bill while he was overseeing the work, amounting to $102 was allowed, and the whole of it charged to the defendant Moeschler, without satisfactory evidence, that it should be wholly paid by him, and not treated as an item to be paid out of the co-partnership funds. If the practice pursued by the plaintiff is sustained, then the defendant Moeschler was deprived of all opportunity to review the report and correct the errors, to which reference has been made. It is quite obvious that injustice" has been done Moeschler by the course of procedure adopted by the plaintiff, and the only way to relieve him from the wrong *767 arising from the irregularity in procedure was to move the court to set aside the judgment.'
Order appealed from affirmed, with ten dollars costs and disbursements.
All concur.